IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| STEPHANIE D. STORDAHL, | ) | Bankruptcy Case No. 05-34346 |
| | ) | |
| Debtor. | ) | |
| | | |
| GALE AULABAUGH, INC., d/b/a | ) | |
| MADISON LICENSE & CHECK | ) | |
| EXPRESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Case No. 05-03365 |
| | ) | |
| STEPHANIE STORDAHL, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

This matter having come before the Court for trial on a Complaint Objecting to Dischargeability and Objecting to Discharge; the Court, having heard sworn testimony and arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The Complaint before the Court consists of two counts. Count I is an objection to the dischargeability of the Defendant's debt to the Plaintiff pursuant to the provisions of 11 U.S.C. § 523(a)(2)(A), and Count II seeks to bar the Defendant's discharge pursuant to the provisions of 11 U.S.C. § 727(a)(5). Given the evidence adduced at trial, the Court will first address the objection to the Defendant's discharge under Count II of the Complaint.

Pursuant to 11 U.S.C. § 727(a)(5):

(a) The court shall grant the debtor a discharge, unless . . .

    (5)    the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

Under 11 U.S.C. § 727(a)(5), a Bankruptcy Court has "broad power to decline or grant a discharge . . . where the debtor does not adequately explain a shortage, loss, or disappearance of assets." In re Martin, 698 F.2d 883 (7th Cir. 1983). Section 727(a)(5) of the Bankruptcy Code requires a *satisfactory* explanation for the whereabouts of a debtor's assets. A *satisfactory* explanation "must consist of more than . . . vague, indefinite, and uncorroborated" assertions by the debtor. In re D'Agnese, 86 F.3d 732 (7th Cir. 1996), *citing* Baum v. Earl Millikin, Inc., 359 F.2d 811 (7th Cir. 1966).

The initial burden of proof under 11 U.S.C. § 727(a)(5) rests with the plaintiff by a preponderance of the evidence. Grogan v. Garner, 111 S.Ct. 654 (1991); Sanders v. Mezvinsky, 265 B.R. 681 (Bankr. E.D. Pa. 2001). Further, under § 727(a)(5), the plaintiff also bears the initial burden of production; *i.e.* to establish, by a preponderance of the evidence, that the debtor has a cognizable interest in a specific identifiable property at a time not too far removed from the bankruptcy which the debtor now no longer possesses. In re Mezvinsky, supra, at 689, *citing* Pyramid Technology Corp. v. Cook, 146 B.R. 934 (Bankr. E.D. Pa. 1992) and In re Turpin, 142 B.R. 491 (Bankr. M.D. Fla. 1992). Once the plaintiff has met this burden and thus made out a *prima facie* case, the burden of production shifts to the debtor to explain satisfactorily the loss of assets. Cook, 146 B.R. at 941.

The clear evidence in this case indicates that shortly before filing bankruptcy, the Debtor/Defendant wrote the Plaintiff checks in the amount of $25,300, during the period of August 27, 2005, through September 7, 2005. In exchange for these checks, the Plaintiff issued the Defendant money orders, having a value of $20,500. Unfortunately for the Plaintiff, the checks written by the Defendant for purchase of the money orders did not clear her bank and were, in fact, returned for non-sufficient funds. The bank records supplied by the Defendant show that she not only had an account of her own, but she was also listed as a joint holder of an account with her mother, Cynthia Gaydos. The checking account records of the Debtor's mother shows deposits between September 6 and September 8, 2005, of an amount in excess

of $29,000, and also a deposit into the Debtor's individual account in the amount of $9,200, on September 7, 2005. The records reveal that these deposits were made by the Defendant and not her mother. The records further reveal that, shortly before the Debtor filed for bankruptcy, she removed her name from the account which she held with her mother.

The bank records provided do not reveal what happened to the money that was deposited in September 2005. The records for the Debtor's individual account for the month of September shows withdrawals of $24,349.62, while the records show withdrawals from the mother's account, which the Defendant was continuing to deposit in, totalling $45,751.84. The nature of these withdrawals and what precisely happened to the money has not been explained. Furthermore, the Defendant did not disclose her interest in her mother's account on her bankruptcy schedules, nor did she account for or explain her continuing deposits in that account or her withdrawals from it. A careful review of the uncontested evidence in this matter reveals that large sums of money were deposited in the Debtor's individual account, and also in the account which she held with her mother, shortly before filing for bankruptcy. The records also indicate large withdrawals from these accounts, but there is no clear record of what happened to those monies. In fact, the account which received the bulk of the deposits shortly before the Debtor filed for relief under Chapter 7 of the Bankruptcy Code was not disclosed on the Debtor's bankruptcy schedules at all, let alone any transactions which took place in that account. Given the Debtor's duty, pursuant to 11 U.S.C. § 727(a)(5) to satisfactorily explain any loss of assets, the Court must conclude that the evidence in this case soundly supports the Plaintiff's contention that the Debtor's discharge should be denied. The Court concludes that, not only did the Debtor not satisfactorily explain the loss of large sums of money she received shortly before filing for bankruptcy relief, but that the Debtor did not explain the loss of those monies at all. As such, the Court determines that, pursuant to the provisions of 11 U.S.C. § 727(a)(5), the Debtor's discharge should be denied.

Having determined that the Debtor's discharge should be denied pursuant to 11 U.S.C. § 727(a)(5), as alleged under Count II of the Plaintiff's Complaint, the Court finds it unnecessary to consider the issues of dischargeability pursuant to 11 U.S.C. § 523(a)(2)(A), as raised in Count I of the Plaintiff's Complaint.

ENTERED:  January 12, 2007.

/s/Gerald D. Fines
GERALD D. FINES
United States Bankruptcy Judge